UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AFSHEEN AHMED GHAZZAL FKA AFSHEEN AHMED, an individual, and ISRAAIL AHMED GHAZZAL FKA DEJON SMITH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:24-cv-02163 WBS SCR<br><br>ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION |

----oo0oo----

Plaintiffs Afsheen Ahmed Ghazzal and Israail Ahmed Ghazzal (collectively, "plaintiffs") filed this action in Sacramento County Superior Court on July 12, 2024, bringing breach of express and implied warranty claims under California's Song-Beverly Act, Cal. Civ. Code § 1793.2(d)(2).  (Docket No. 1-1.)  Defendant Mercedes-Benz USA, LLC ("defendant") removed to this court on the basis of diversity.  (Docket No. 1.)  Defendant

1

1   moves to compel the arbitration of both claims.  (Docket No. 11.)
2           Plaintiffs allege that they leased a defective vehicle
3   of defendant's make from non-party dealership Mercedes Benz of
4   Rocklin on October 14, 2023.  (Declaration of Luis A. Serrano
5   ¶¶ 3-4 (Docket No. 12-1).)  The lease's "parties" clause lists
6   plaintiffs and the dealership, but it omits defendant.  (Id. at
7   2.)  At issue is whether defendant may enforce the lease's
8   arbitration clause as a non-signatory third-party beneficiary.
9   The arbitration clause states that

> Any claim or dispute, whether in contract, tort, or otherwise (including any dispute over the interpretation, scope, or validity of this lease, arbitration section or the arbitrability of any issue), between you and . . . the vehicle distributor, including Mercedes-Benz USA LLC (each a "Third Party Beneficiary"), which arises out of or relates to a credit application, this lease, or any resulting transaction or relationship arising out of this lease (including any such relationship with third parties who do not sign this contract) shall, at the election of either you, us, or a Third Party Beneficiary, be resolved by a neutral, binding arbitration and not by a court action.

18  (Docket No. 1-2 at 8 (capitalization altered).)
19          "State law determines whether a non-signatory to an
20  agreement containing an arbitration clause may compel
21  arbitration."  Ngo v. BMW of N. Am., LLC, 23 F.4th 942, 946
22  (9th Cir. 2022).  Under California law, a non-signatory to a
23  contract containing an arbitration clause may compel arbitration
24  as a third-party beneficiary when it shows that "express
25  provisions of the contract" and the "relevant circumstances"
26  satisfy three factors: (1) "the third party would in fact benefit
27  from the contract," (2) "a motivating purpose of the contracting
28  parties was to provide a benefit to the third party," and (3)

2

1  "permitting the third party to enforce the contract 'is
2  consistent with the objectives of the contract and the reasonable
3  expectations of the contracting parties.'" Id. (quoting
4  Goonewardene v. ADP, LLC, 6 Cal. 5th 817, 830 (2019)).
5         Under this test, defendant may enforce the lease's
6  arbitration clause as a third-party beneficiary.  The arbitration
7  clause benefits defendant by providing its preferred forum for
8  resolving the instant dispute.  The plain text of the arbitration
9  clause also clarifies that the signatories intended to benefit
10 defendant by stating that it applied to any dispute between the
11 lessee and "the vehicle distributor, including Mercedes-Benz USA
12 LLC (each a 'Third Party Beneficiary')."  See Hicks v.
13 Utiliquest, LLC, 736 F. Supp. 3d 849, 860-61 (E.D. Cal. 2024)
14 (Calabretta, J.) (granting third-party beneficiary's motion to
15 compel arbitration on the same grounds).  On its own terms, the
16 lease is clear that the parties contemplated defendant's
17 enforcement of the arbitration clause, even though defendant was
18 not a party to the lease.
19         Further, the instant matter is a "dispute . . . which
20 arises out of or relates to . . . this lease, or any resulting
21 transaction or relationship arising out of this lease (including
22 any such relationship with third parties who do not sign this
23 contract)."  (Docket No. 1-2 at 8.)  Because plaintiffs leased
24 the vehicle at issue, which defendant made or distributed, they
25 now assert their Song-Beverly Act claim against defendant.  Thus,
26 the dispute arises out of the lease and is therefore subject to
27 the lease's arbitration clause.
28         In each case plaintiffs cite in opposition, the panel

3

found that the arbitration clause at issue did not make express reference to the defendant manufacturer.  See, e.g., Montemayor v. Ford Motor Co., 92 Cal. App. 5th 958, 972-74 (2nd Dist.), review granted, 535 P.3d 1 (Cal. 2023); Ford Motor Warranty Cases, 89 Cal. App. 5th 1324, 1336-40 (2nd Dist.), review granted, 532 P.3d 270 (Cal. 2023).  Both are distinguishable because the arbitration clause here expressly names defendant as a third-party beneficiary and gives it the explicit right to compel binding arbitration.  (Docket No. 1-2 at 8.)

   IT IS THEREFORE ORDERED that defendant's motion to compel arbitration (Docket No. 11) be, and the same hereby is, GRANTED.

   IT IS FURTHER ORDERED that this case is STAYED pending arbitration.  The Clerk shall close this file administratively, subject to it being reopened upon the application of either party after arbitration has been fully completed.

Dated:  February 4, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE